IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF MARQUETTE | § | |
| TRANSPORTATION COMPANY | § | |
| GULF-INLAND, LLC, as Operator and | § | CIVIL ACTION NO. G-13-054 |
| Owner Pro Hac Vice of the Towing Vessel | § | |
| RAY ECKSTEIN, for Exoneration from | § | |
| or Limitation of Liability | § | |

## OPINION AND ORDER

Before the Court is the Motion of Limitations Plaintiff, Marquette Transportation, to compel claimant, Anthony Ladner, to appear for a second deposition; Ladner is opposed to the Motion. The Motion has been fully briefed and is ripe for consideration. The Court, after review, now issues this Opinion and Order.

On August 10, 2012, Ladner filed suit, in state court, against Marquette for disabling personal injuries he suffered in an accident while he was employed as a deckhand by Marquette. On January 21, 2013, Marquette deposed Ladner; at the time of Ladner's deposition the state court case had a discovery deadline of July 23, 2013. On February 13, 2013, Marquette filed this Limitation of Liability action. An initial discovery deadline was set for January 31, 2014; however, that deadline was vacated on January 16, 2014, and no current deadline exists. On November 3, 2014, the instant Motion was filed.

Marquette argues that a second deposition should be compelled because new evidence has come to light concerning Ladner's post-accident employment at a deckhand by Carline Management. Marquette knew, at the time of Ladner's deposition, that he had worked for

Carline; Ladner had disclosed it in an interrogatory response on January 2, 2013. But Marquette did not have Carline's employment records when it took the deposition on January 31, 2013. In fact, it appears from the state court docket sheet that Marquette may not have even subpoenaed those records until March 11, 2013. Now, records in hand, Marquette wants to redepose Ladner to challenge some of his prior testimony and further explore his work history at Carline. Specifically, Marquette wants to question Ladner about the length of time he worked at Carline, his pre-hire assertions about his physical conditions and history, and the reason he left Carline.

In the opinion of this Court, Marquette's Motion should be denied for several reasons. Marquette could easily have waited to depose Ladner until after it had procured the records, but it chose not to do so; Ladner did not withhold the records. But, more importantly, Marquette knew enough going into the deposition to question Ladner at length about his Carline employment as a deckhand. Counsel for Marquette is a seasoned maritime attorney who knew, or should have known, of the physical requirements of deck handwork and the standard medical pre-clearance procedures of the industry, including the use of self-reported medical histories and independent screening examinations. Marquette could have probed these areas with Ladner during his deposition and "locked in" his testimony for future potential impeachment, but, instead, it chose not to do so. There are two topics worth further mention. First, Ladner testified he worked for Carline about "three to six months," not seven months as indicated by Carline's records. But even three months of employment is indicative

of his ability to perform the necessary work. This discrepancy would hardly justify a second deposition. Second, is Ladner's reason for leaving Carline. Ladner testified he now had "an unnatural fear" of the water and was also physically incapable of doing the work. On the other hand, Carline's records indicate Ladner claimed he left work on August 21, 2012, because of a family emergency and was terminated on September 18, 2012, after he failed to report back to work. This discrepancy, alone, will not merit the time and expense of a second deposition.

Civil cases now get "discovered to death" and the Court sees no need to facilitate unnecessary discovery in this case. Besides, Marquette has sufficient information for effective cross-examination of Ladner about his employment with Carline should the case proceed to trial.

It is, therefore, the **ORDER** of this Court that the "Limitation Plaintiff's Opposed Motion for Issuance of Order Compelling Claimant Ladner to Appear for Second Deposition" (Instrument no. 68) is **DENIED**.

**DONE** at Galveston, Texas, this ____3rd____ day of December, 2014.

John R. Froeschner
United States Magistrate Judge